IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABLE OERTELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SIX FLAGS ENTERTAINMENT CORPORATION, et al.,<br><br>　　　　Defendants.<br>_____ / | No. 3:16-cv-4002 CRB<br><br>**ORDER DENYING MOTION TO DISMISS, STAY, OR TRANSFER UNDER FIRST-TO-FILE RULE AND GRANTING MOTION TO TRANSFER UNDER 28 U.S.C. § 1404(a)** |

　　　Plaintiff Mable Oertell ("Oertell") brought this action against Defendants Six Flags Entertainment Corporation, Park Management Corporation, Dippin' Dots, LLC, Foto Fantasy, Inc., Panda Restaurant Group, Inc, Cold Stone Creamery Restaurant, and Kahala Restaurant Franchising, LLC based on alleged denials of access to public facilities to the physically disabled, per California Civil Code §§51–55; California Health & Safety Code §§ 19953 et seq., the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12181 et seq., and Title 24 of the California Code of Regulations. See Compl. (dkt. 1) ¶¶ 2–3.

　　　Six Flags Entertainment Corporation, Park Management Corporation, and Kahala Restaurant Franchising, LLC (together "Six Flags")[1] move to dismiss, stay, or transfer this case to the United Sates District Court the Eastern District of California ("Eastern District")

---

[1] The other defendants have either joined in the motion or made clear that they do not oppose it. See, e.g., Joinder (dkt. 37); Non-Opp'n (dkt. 32).

under the "first-to-file" rule.  They argue that Oertell pleads substantially similar claims to those filed in the Eastern District by Carol Murray ("Murray"), see Carol Murray v. Park Management Corp., 15cv-02105-TLN-DB.  See MTD (dkt. 29) at 1.  Alternatively, Six Flags seeks a transfer to the Eastern District pursuant to 28 U.S.C. section 1404(a).  See id.

## I. BACKGROUND

### A. The Murray Case

On October 8, 2015, Carol Murray ("Murray"), who uses a wheelchair, filed a complaint in the Eastern District.  See Murray Compl. (dkt. 1) ¶ 10.  She alleges that on April 9, 2015 various barriers denied her full and equal access at the amusement park "Six Flags Discovery Kingdom" ("the Park").  See id. ¶ 10.  Murray alleges violations of (1) the ADA; (2) California's Unruh Civil Rights Act, and (3) California Health and Safety Code section 19955(a).  Id. ¶ 16–45.  Murray seeks damages, injunctive and declaratory relief, and attorney's fees and costs.  Id. ¶ 1–9.

The parties have conducted two site inspections of all areas of the Park open to the public.  See Grunvald Decl. (dkt. 29–1) ¶ 6.  The parties have conducted initial disclosures and filed four joint reports advising the Eastern District of the status for the case.  See id.  Counsel have engaged in meet and confer efforts to attempt resolving the injunctive relief portion of this case.  See id.  On October, 18, 2016, the court stayed discovery pending the parties' efforts the resolve the case.  See Murray Order (dkt. 21).  Those efforts have stalled.  See Status Rpt. (dkt. 42) at 2.

### B. This Case

Plaintiff Mable Oertell, who also uses a wheelchair, filed this case on July 15, 2016, seeking injunctive relief and damages, as well as reasonable attorney fees, litigation expenses and costs.  Compl. ¶ 1.  On July 4, 2015 and October 24, 2015, Oertell visited the Park with her daughter.  Id. ¶ 12.  Oertell alleges that she encountered "multiple physical barriers on each of her visits, which caused her and her eight-year-old daughter whom she was caring for, to be unable to use certain facilities, or to use them on a less than 'full and equal' basis."

2

Id. ¶ 17. These barriers included "excessive distance between the closest accessible parking and the entrance [,] and poorly trained employees who attempted to prevent [her] from using a disabled parking spot." Id. ¶ 12. Oertell alleges that before she reached the main entrance, she was forced to wait near a trash can in the "designated" spot for disabled individuals waiting to board a bus to the Park's entrance. Id. ¶ 14.

Oertell further claims that despite having a "Season Pass" to the Park, she was not advised of the need or availability of any special procedures for physically disabled people to follow in connection with using the Park attractions or rides. Id. ¶ 14. Once inside the Park, staff members told Oertell that in order to take her daughter onto attractions, which had inaccessible main entrances, she would need to enter through the exits, as well as obtain a "disabled" certificate from an office. Id. ¶ 15.

During her second visit to the Park, on October 24, 2015, Six Flags told her that she would again need to establish the fact of her disability at the "Outpost." Id. ¶ 16. It also indicated that she would have to go through these procedures each time she visited the Park, despite having purchased annual passes for her and her daughter. Id. ¶ 16. Oertell encountered other barriers to access as well. For example, she claims that a restroom was inaccessible in multiple respects; the path of travel onto the "Explorer's Outpost" exceeded the 5% maximum slope; and the Guest Relations counter—where defendants may inquire about "accessibility information"—was wholly inaccessible to her.[2] Id. ¶ 18.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a party may raise a defense based on improper venue. A defendant may raise the motion in his first responsive pleading or by a separate pre-answer motion. See Fed. R. Civ. P. 12(b)(3). Once the defendant challenges venue, the plaintiff bears the burden of establishing that venue is proper. Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). The

---

[2] Besides her two visits in 2014, Oertell visited the Park approximately five times in 2014, and encountered similar problems. Compl. ¶ 17.

pleadings need not be accepted as true, and the court "may consider facts outside of the pleadings." Richardson v. Lloyd's of London, 135 F.3d 1289, 1292 (9th Cir. 1998).

## III.   DISCUSSION

Six Flags moves to dismiss, stay or transfer this case under the "first-to-rule" as well as to transfer the case under 28 U.S.C. § 1404(a). The Court will consider each in turn.

### A.   First-to-File Rule

The first-to-file rule may be applied "when a complaint involving the same parties and issues has already been filed in another district." Alltrade, Inc. v. Uniweld Prods. Inc., 946 F.2d 622, 625 (9th Cir. 1991). Courts thus consider three factors in determining whether to apply the first-to-file rule: "(1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues." Wallerstein, 967 F. Supp. 2d 1289, 1292–93 (N.D. Cal. 2013); Schwartz v. Frito–Lay N. Am., No. 12-cv-02740 EDL, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing Alltrade, 946 F.2d at 625). Rather than requiring "exact identity," the same-parties requirement is met if the parties are "substantially similar." Microchip Tech., 2011 WL 2669627, at * 3 (N.D. Cal. July 7, 2011). But here Murray and Oertell are not substantially similar people. They are strangers filing individual lawsuits that happen to involve similar claims. The first-to-file rule does not apply.[3]

### B.   28 U.S.C. § 1404(a)

Section 1404(a) permits a court to transfer actions to any district where the action might have been brought for "the convenience of parties and witnesses . . . in the interest of justice." 28 U.S.C. § 1404(a). The purpose of this statute is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Gillespie v. Prestige Royal Liquors Corp., 2016 WL 5673230,

---

[3] Cases where courts hold that two parties are "substantially similar" under the first-to-file rule tend to involve overlapping plaintiff classes or corporate subsidiaries. See, e.g., Medlock v. HMS Host USA, Inc., 2010 U.S. Dist. LEXIS 133143, *8–10 (E.D. Cal. Dec. 16, 2010) (overlapping plaintiff classes); Microchip Tech., 2011 WL 2669627, at * 3 (corporate subsidiaries). Murray and Oertell do not represent overlapping plaintiff classes and, of course, are not corporate subsidiaries of one another.

4

at *3 (N.D. Cal. Oct. 3, 2016) (citing Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)). The decision to transfer is within the discretion of the court. 28 U.S.C. § 1404(b); King v. Russell, 963 F.2d 1301, 1304 (9th Cir. 1992). That said, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Norwood v. Kirkpatrick, 349 U.S. 29, 35 (1955).

Six Flags argues that transfer under §1404(a) is appropriate because the Park is located in Vallejo, California, which falls within the Eastern District's jurisdiction. See MTD at 11. It also stresses that witnesses will suffer "great inconvenience if the case is not transferred as the transfer will avoid duplicative discovery and the need to be deposed and eventually testify at trial in two different locales." Id. at 12. In response, Oertell explains that she wants to take advantage of the "unique procedures we enjoy here in the Northern District" so that her case will not take as long to resolve as Murray's. Opp'n (dkt. 34) at 7. She also noted at the hearing on February 3, 2017 that she resides in the Northern District.

Although the Court would normally defer to a plaintiff's chosen forum, the former arguments persuade it to do otherwise here. These cases concern mostly the same barriers at the very same amusement park. See, e.g., MTD at 5–6 (making side-by-side comparison of Murray's and Oertell's complaints). The same court should preside over them. What is more, transfer from a Northern District courthouse in San Francisco to an Eastern District courthouse in Sacramento will, at the very least, spare Oertell the trip across the Bay Bridge from her home in Contra Costa County.[4]

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the motion to dismiss, stay, or transfer the case under the first-to-file rule but GRANTS the motion to transfer the case to the Eastern District of California pursuant to 28 U.S.C. section 1404(a).

---

[4] The Court takes judicial notice of terrible traffic on the Bay Bridge, as that fact is "generally known"—and known all too well— within this jurisdiction. See Fed. R. Evid. 201(b)(1).

5

**IT IS SO ORDERED.**

Dated: February 7, 2017



CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2016\4002\16-4002 (Oertell) Order re MTD or Transfer.wpd  6