PAUL L. REIN, Esq. (SBN 43053)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: 510/832-5001
Facsimile: 510/832-4787
reinlawoffice@aol.com

STEVEN L. DERBY, ESQ. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
200 Lakeside Drive, Suite A
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
sderby@dmglawfirm.com

Attorneys for Plaintiff
MABLE OERTELL

** Defendant's counsel listed after the caption*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MABLE OERTELL,

Plaintiff,

v.

SIX FLAGS ENTERTAINMENT CORPORATION; PARK MANAGEMENT CORP dba SIX FLAGS DISCOVERY KINGDOM; DIPPIN DOTS, LLC; FOTO FANTASY, INC.; PANDA RESTAURANT GROUP, INC.; DOE NO. 1 dba COLD STONE CREAMERY RESTAURANT No. 22293; KAHALA RESTAURANT FRANCHISING, LLC; and DOES 2-20, Inclusive,

Defendants.

Case No. 2:17-cv-00267 TLN-DB
Civil Rights

**CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS AS TO FOTO FANTASY, INC.**

Action Filed: July 15, 2016

EDWARD GARCIA, Bay No. 173487
KULUVA, ARMIJO & GARCIA
One California Street, Suite 1150
San Francisco, CA 94111
(415) 273-6500
(415) 273-6535 Fax
edgarcia@kuluvalaw.com

Attorneys for Defendant
FOTO FANTASY, INC.

1. Plaintiff Mable Oertell filed a Complaint in this action on July 15, 2016, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and California civil rights laws and to obtain recovery of damages for discriminatory experiences, denial of access, and denial of civil rights against Defendant Foto Fantasy, Inc. (sometimes " Signing Defendant"), relating to disability discrimination at Signing Defendant's public accommodations [photo booths] as of July 4, 2015, and continuing. Plaintiff has alleged that Signing Defendant violated Titles III of the ADA; sections 51, 52, 54, 54.1, 54.3, and 55 of the California Civil Code, and sections 19955 *et seq.* of the Health and Safety Code by failing to provide full and equal access to the users of the commercial facilities at the Signing Defendant's photo booths located at Six Flags Discovery Kingdom, 1001 Fairgrounds Drive SW, Vallejo, California, (sometimes called "The Park").

2. In order to avoid the costs, expense, and uncertainty of protracted litigation, Plaintiff and Signing Defendant (together sometimes the "Signing Parties") agree to entry of this Consent Decree and Order to resolve all claims regarding injunctive relief, damages, and attorneys' fees, costs, and expenses raised in the Complaint without the need for protracted litigation. Accordingly, the Parties agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning all of Plaintiff's claims for relief.

**JURISDICTION:**

3. The Signing Parties to this Consent Decree and Order agree that the Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* and pursuant to supplemental jurisdiction for alleged violations of California Civil Code sections 51, 52, 54, 54.1, 54.3, and 55.

WHEREFORE, the Parties to this Consent Decree hereby agree and stipulate to the Court's entry of this Consent Decree and Order, which provide as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF:**

4. This Order shall be a full, complete, and final disposition and settlement of

Plaintiff's claims against Signing Defendant for injunctive relief that have arisen out of the subject Complaint.

5. The Parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, and Americans with Disabilities Act Standards for Accessible Design, unless other standards are specifically agreed to in this Consent Decree and Order. Signing Defendant agrees to undertake all of the respective remedial work as set forth therein with the express understanding that Signing Defendant is only responsible for the photo booths themselves and not for the location or placement of those photo booths or the accessibility of the path of travel leading up to the photo booths.

a. **Remedial Measures:** Except as otherwise provided herein, the corrective work agreed upon by the Signing Parties to be performed at The Park is set forth in **Attachment A**, attached and incorporated herewith. Signing Defendant agrees to undertake all of the respective remedial work as set forth therein.

b. **Timing**: Signing Defendant will complete each item by June 1, 2017. In the event that unforeseen difficulties prevent Signing Defendant from completing any of the agreed-upon injunctive relief, Signing Defendant or its counsel will notify Plaintiff's counsel in writing within five days of discovering the delay. Plaintiff will have thirty (30) days to investigate and meet and confer, and to approve the delay by stipulation or otherwise respond to Signing Defendant's notice. If the Parties cannot reach agreement regarding the delay within that time period, Plaintiff may seek enforcement by the Court. Signing Defendant or their counsel will notify Plaintiff's counsel when the corrective work is completed, and, whether completed not, will provide a status report to Plaintiff's counsel no later than 120 days from the Parties' signing of this Consent Decree and Order.

c. Signing Defendant will notify Plaintiff in writing at the end of 90 days from the Parties' signing of this Consent Decree and Order as to the current status of agreed-to injunctive relief, and every 60 days thereafter until all access agreed upon by the parties is provided. If Signing Defendant fails to provide injunctive relief on the agreed upon

- 3 -

CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF,
DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES AND COSTS
Case No. 2:17-cv-00267 TLN-DB

timetable and/or fails to provide timely written status notification, and Plaintiff files a motion with the Court to obtain compliance with these terms, Plaintiff reserves the right to seek additional attorney fees for any compliance work necessitated by Signing Defendant's failure to keep this agreement. If the Parties disagree, such fees shall be set by the Court.

d. **Term of Consent Decree**: This Consent Decree shall remain in full force and effect for a period of one year from the date it is signed by Judge Nunley (or other judicial officer) or for the conclusion of the lawsuit by decree, dismissal or judgment as to all parties, whichever is shorter. During this period the Consent Decree is in force and effect, it may be enforced by appropriate petition to the court by any interested party.

**DAMAGES, ATTORNEYS' FEES, LITIGATION EXPENSES, AND COSTS:**

6. Signing Defendant agrees to pay Plaintiff a total of $15,000 for Plaintiff's damages, and attorney fees, litigation expenses, and costs by a single check payable to "PAUL L. REIN IN TRUST FOR MABLE OERTELL" to be delivered to Plaintiff's counsel's office, located at 200 Lakeside Drive, Suite A, Oakland California, within 7 days of execution of this Consent Decree by the parties, counsel, and Judge Nunley (or other judicial officer).

**ENTIRE CONSENT DECREE AND ORDER:**

7. This Consent Decree and Order and **Attachment A** constitute the entire agreement between the signing Parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the Parties or agents of any of the Parties that is not contained in this written Consent Decree and Order, shall be enforceable regarding the matters of injunctive relief described herein.

**CONSENT DECREE AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

8. This Consent Decree and Order shall be binding on Plaintiff, Signing Defendant, and any successors-in-interest. Signing Defendant has a duty to so notify all such successors-in-

interest of the existence and terms of this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and Order.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO SIGNATORY DEFENDANT ONLY:**

9. Each of the Signing Parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the lawsuit that is unknown or unanticipated at the time this Consent Decree and Order is signed. Except for all obligations required in this Consent Decree and Order, the Parties intend that this Consent Decree and Order apply to all such further loss with respect to the lawsuit, except those caused by the Parties subsequent to the execution of this Consent Decree and Order. Therefore, except for all obligations required in this Consent Decree and Order, this Consent Decree and Order shall apply to and cover any and all claims, demands, actions, and causes of action by the Parties to this Consent Decree with respect to the lawsuit, whether the same are known, unknown, or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

10. Except for enforcement of all obligations required in this Consent Decree and Order — each of the Signing Parties to this Consent Decree and Order, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners, and assigns, releases and forever discharges each other Signing Party and all officers, directors, shareholders, subsidiaries, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Signing Party (excluding any named party in this action who is not a signatory to this agreement), from all claims, demands,

actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the lawsuit.

**TERM OF THE CONSENT DECREE AND ORDER:**

11. This Consent Decree and Order shall be in full force and effect for a period of one year after the date of entry of this Consent Decree and Order by the Court or for the conclusion of the lawsuit by decree, dismissal or judgment as to all parties, whichever is shorter

**SEVERABILITY:**

12. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

**SIGNATORIES BIND PARTIES:**

13. Signatories on the behalf of the Parties represent that they are authorized to bind the Parties to this Consent Decree and Order. This Consent Decree and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

**END OF PAGE.**
**SIGNATURES CONTINUE ON THE NEXT PAGE AND ORDER IS AT THE END OF THE DOCUMENT.**

- 6 -

CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF,
DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES AND COSTS
Case No. 2:17-cv-00267 TLN-DB

Dated: 04/26/2017

PLAINTIFF MABLE OERTELL

_____/s/_________________________________

Dated: 04/26/2017

DEFENDANT FOTO FANTASY, INC.

By: ___/s/_______________________________
Print name:_____________________________
Title: _________________________________

Approved as to form:

Dated: 05/03/2017

LAW OFFICES OF PAUL L. REIN
DERBY, McGUINNESS & GOLDSMITH, LLP

By:_____/s/__________________________
STEVEN L. DERBY, ESQ.
Attorneys for Plaintiff
MABLE OERTELL

Dated: 04/25/2017

KULUVA, ARMILO & GARCIA

By:____/s/____________________________
EDWARD GARCIA, ESQ.
Attorneys for DEFENDANT
FOTO FANTASY

- 7 -

CONSENT DECREE AND ORDER FOR INJUNCTIVE RELIEF,
DAMAGES, AND ATTORNEY FEES, LITIGATION EXPENSES AND COSTS
Case No. 2:17-cv-00267 TLN-DB

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: May 4, 2017

Troy L. Nunley
United States District Judge

**ATTACHMENT A TO CONSENT DECREE BETWEEN PLAINTIFF AND DEFENDANT FOTO FANTASY**

1. Within 15 days of the date of this order, defendant shall identify and map the location of each and every Photo Booth provided by defendant to The Park;

2. Within 30 days of the date of this order, defendant shall provide such map to its counsel of record who shall in turn provide it to plaintiff's counsel within 45 days of the date of this order;

3. Plaintiff's counsel and defense counsel have agreed on the number of Accessible Photo booths (a schematic diagram of which is attached hereto as Exhibit A1) to be placed at The Park based upon a formula of one Accessible Photo Booth for every four Photo Booth's at The Park [there are currently a total of seven Photo Booths at The Park, necessitating one Accessible Photo Booth for the other six non-accessible Photo Booths];

4. Within 30 days of such agreement by Plaintiff's counsel and defense counsel, defendant shall supply the required number of Accessible Photo Booths to The Park and shall remove an equal number of Photo Booth's from The Park.

5. Defendant has provided Plaintiff's counsel with an exemplar sign and schematics to be placed on each Photo Booth that is not an Accessible Photo Booth as defined above which shall direct disabled Park visitors to the nearest Accessible Photo Booth;

6. Within 30 days after full execution of the Consent Decree, defendant shall fabricate and place one such sign prominently upon each Photo Booth that is not an Accessible Photo Booth. Such sign shall be placed so that its lowest edge is between 36 and 42 inches above the surface upon which the Accessible Photo Booth sits;

7. Defendant shall cooperate with the remaining named defendants and Plaintiff's continuing efforts to make The Park fully accessible to the extent that such cooperation is necessary to achieve this goal. Such cooperation may include assistance in relocating Accessible Photo Booths as directed by Six Flags, providing additional signs or additional documentation to allow The Park informed disabled visitors of the location and existence of such Accessible Photo Booths.