UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MABLE OERTELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SIX FLAGS ENTERTAINMENT CORPORATION, *et al.*,<br><br>　　　　Defendants. | No. 2:17-cv-00267-TLN-DB<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR STAY OF DISCOVERY** |

This matter is before the Court pursuant to Defendants Six Flags Entertainment Corporation, Park Management Corporation dba Six Flags Discovery Kingdom, Panda Restaurant Group, Inc., and Kahala Restaurant Franchising, LLC's ("Defendants") Motion for Stay of Discovery Pending Adjudication of Defendants' Motion for Partial Summary Judgment.[1] (ECF No. 72.) Plaintiff Mable Oertell ("Plaintiff") opposes Defendants' motion. (ECF No. 85.) Defendants filed a Reply. (ECF No. 89.) Having carefully considered the briefing filed by the parties, the Court hereby DENIES Defendants' Motion for Stay of Discovery (ECF No. 72).

/ / /

/ / /

---

[1] The remaining two defendants in this matter, Dippin Dots, LLC, and Cold Stone Creamery Restaurant No. 22293, are not party to this motion. (ECF No. 72 at 2.)

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges she has a physical disability and requires use of mobility aids. (ECF No. 1 ¶ 1.) Plaintiff alleges she visited Six Flags Discovery Kingdom ("the Park") on multiple occasions and encountered numerous architectural and policy barriers that denied her "full and equal access" to the Park's facilities and amenities. (ECF No. 1 ¶¶ 1, 19.) Plaintiff alleges these barriers infringed her civil rights under both California and federal law. (ECF No. 1 ¶ 1.)

Plaintiff brought suit in the Northern District of California, and the suit was transferred to this Court upon Defendants' motion to transfer under 28 U.S.C. § 1404(a). (ECF No. 46 at 5.) Plaintiff asserts causes of action for violations of the California Health & Safety Code §§ 19955 *et seq.*, California Civil Code §§ 51, 52, 54, and 55, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. (ECF No. 1 at 1.)

Defendants moved for Motion for Partial Summary Judgment, arguing summary judgment should be granted in their favor because remediation of all of the physical architectural barriers alleged in Plaintiff's complaint is covered by a consent decree entered in a related matter, *Carol Murray v. Park Management Corp. dba Six Flags Discovery Kingdom*, Case No. 2:15-cv-02105-TLN-KJN. (ECF No. 63-1 at 2.) In *Murray*, the plaintiff filed suit against Park Management Corp. dba Six Flags Discovery Kingdom, alleging she was physically disabled, she visited the Park on April 9, 2015, and during that visit she encountered various barriers that denied her full and equal access to the Park. (ECF No. 63-1 at 4.) The *Murray* parties conducted "two full day site inspections of the Park," the defendants received a copy of the plaintiff's expert's list of accessibility barriers, and the parties settled. (ECF No. 63-1 at 4–5.) In June 2017, the *Murray* court approved a consent decree ("*Murray* Consent Decree"), which Defendants in the instant case believe covers all physical architectural barriers identified by Plaintiff. (ECF No. 63-1 at 5.)

Defendants move for a stay of all discovery, including a site inspection of the Park, pending this Court's resolution of Defendants' partial motion for summary judgment. (ECF No. 72-1 at 18.) The parties later submitted a joint status report stating that the site inspection was held on August 22, 2017, in the presence of both parties' experts. (ECF No. 86 at 2.)

///

## II. STANDARD OF LAW

The Ninth Circuit has affirmed that district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause. *Id.* (affirming district court's decision to stay discovery pending resolution of motion for summary judgment); *see Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (affirming district court's grant of protective order staying discovery pending resolution of motion to dismiss). Federal Rule of Civil Procedure 26 states "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1).

"[T]he Federal Rules of Civil Procedure does not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (citing *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988)). When evaluating a motion to stay, district courts "inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

District courts in the Ninth Circuit often apply a two-pronged test to decide whether to stay discovery. *Mlejnecky*, 2011 WL 4889743, at *6; *Seven Springs Ltd. P'ship v. Fox Capital Mgmt. Corp.*, 2007 WL 1146607, at *1 (E.D. Cal. 2007). The first prong requires that the pending motion "be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Id*. The second prong requires the court to "determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id*. If either prong is not met, discovery should proceed. *Id*.

///

### III. ANALYSIS

Defendants argue their Partial Motion for Summary Judgment will resolve all Plaintiff's physical architectural barrier claims, because the physical architectural barriers Plaintiff alleges are encompassed by the *Murray* Consent Decree. (ECF No. 72-1 at 4.) Defendants state "each and every physical remediation to the Park that is sought by the Plaintiff in the Complaint is covered by the [*Murray*] Consent Decree," and thus the case is "ripe for summary adjudication." (ECF No. 72-1 at 4.) Defendants argue their motion is dispositive and no discovery is needed to resolve the motion since it involves a comparison of two documents (the *Murray* Consent Decree and Plaintiffs' complaint), thus a stay is proper. (ECF No. 72-1 at 16–17; ECF No. 89 at 7.)

Plaintiff argues a stay of discovery does not "serve any valid purpose" because Defendants' Motion for Partial Summary Judgment is only partial and "would not dispose of any of Plaintiff's causes of action, nor any of her remedies." (ECF No. 85 at 2.) Plaintiff argues she alleges both physical barriers and policy barriers as to each claim she asserted, and since Defendants' motion only addresses the physical architectural barriers, it will not dispose of any of her claims as they relate to policy barriers, and thus not dispose of any claim let alone the entire case. (ECF No. 85 at 5.) Plaintiff states she needs discovery regarding her claims as they relate to policy barriers. (ECF No. 85 at 5.)

Plaintiff adds that even considering only the physical architectural barriers, Plaintiff needs discovery because Plaintiff has had limited access to the Park and does not believe the *Murray* Consent Decree will remediate every physical architectural barrier. (ECF No. 85 at 5–6.) Further, Plaintiff argues, even if Defendants have agreed in the *Murray* Consent Decree to remediate the physical architectural barriers in the future, Defendants do not attempt to show they have "ceased their injurious behavior and that there is absolutely no reasonable possibility that the behavior will resume." (ECF No. 85 at 5.)

Under the first prong of the two-prong test, "the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed." *Mlejnecky*, 2011 WL 489743 at *6. Assuming, *arguendo*, the Court grants Defendants' motion for partial summary judgment, which relates to Plaintiff's allegations of physical architectural

barriers, each of Plaintiff's claims would remain with respect to Plaintiff's allegations of policy barriers. Defendants' motion for partial summary judgment cannot dispose of the entire case. *Id*.

Defendants argue "the only discovery Plaintiff seeks is directly related to the claims that would be resolved by the Summary Judgment Motion." (ECF No. 89 at 4.) The pending dispositive motion may be dispositive of the issue which is the target of the discovery. *Mlejnecky*, 2011 WL 489743 at *6. "To prevail on a motion for a protective order, the party seeking the protection has the burden to demonstrate 'particular and specific demonstration[s] of fact, as distinguished from conclusory statements....'" *California Sportfishing Prot. All. v. Chico Scrap Metal, Inc.*, No. CIV. S-10-1207 GEB, 2011 WL 130228, at *4 (E.D. Cal. Jan. 14, 2011) (citing *Kiblen v. Retail Credit Co.*, 76 F.R.D. 402, 404 (E.D. Wash. 1977)). Defendants do not cite to the record or explain how Plaintiff's discovery requests are limited to the physical architectural barriers addressed in Defendants' dispositive motion. Rather, Defendants simply state Plaintiff's requests are limited to those issues. (ECF No. 89 at 4.) Additionally, Defendants' request is for a stay of all discovery pending resolution of their dispositive motion, not just discovery requests related to physical architectural barriers. (ECF No. 72-1 at 18.)

Plaintiff states she requires discovery related to the physical architectural barriers even if they are covered in the *Murray* Consent Decree and Defendant has agreed to remediate them. (ECF No. 85 at 5.) Plaintiff argues she needs discovery to determine whether Defendant already remediated the alleged physical architectural barriers and the possibility Defendants' conduct can or will recur. (ECF No. 85 at 5.) Plaintiff states she requires discovery of physical architectural barriers at the Park which are not covered by the remediation agreed to in the *Murray* Consent Decree and of conditions at the Park at the time Plaintiff visited. (ECF No. 85 at 6.)

Finally, Plaintiff states she requires discovery related to the policy barriers she alleges, which would not be covered by the *Murray* Consent Decree. (ECF No. 85 at 6.) Plaintiff states she seeks discovery related to "Defendants' policies and practices before documents are lost and witnesses' memories fade." (ECF No. 85 at 6.) Defendants, too, have described Plaintiff's discovery requests beyond a physical site inspection, including review of documents and witness interviews or depositions. (ECF No. 89 at 3.)

Defendants have not met their burden as to the first prong—to show their pending dispositive motion will dispose of the entire case or be dispositive of all issues at which discovery is aimed and which Defendants move to stay. If either prong of the two-prong test is not met, then discovery should proceed. *Mlejnecky*, 2011 WL 4889743, at *6. Accordingly, the Court DENIES Defendants motion and need not address the second prong.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion for Stay of Discovery Pending Adjudication of their Motion for Partial Summary Judgment (ECF No. 72).

IT IS SO ORDERED.

Dated: January 18, 2018

Troy L. Nunley
United States District Judge